UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CRAIG CROMARTIE,<br>    Plaintiff,<br><br>v.<br><br>OLD COLONY CORRECTIONAL<br>CENTER (OCCC), et al.,<br>    Defendants. | Civil No. 20-11926-JCB |

MEMORANDUM AND ORDER

December 7, 2020

Boal, M.J.

For the reasons set forth below, this Court finds that the complaint fails to state a claim upon which relief may be granted. In order to proceed with this action, an amended complaint must be filed and will be subject to screening pursuant to 28 U.S.C. § 1915A.

I.   BACKGROUND

On October 26, 2020, Craig Cromartie, an inmate at the Old Colony Correctional Center ("OCCC"), filed pro se complaint alleging several violations of his rights. Docket No. 1. This action was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. Docket No. 2. Cromartie did not pay the filing fee nor file an Application to Proceed in District Court Without Prepaying Fees or Costs. On October 27, 2020, Cromartie was therefore ordered to do so. Docket No. 3. On November 18, 2020, Cromartie paid the $400 filing fee. Docket No. 4.

The case caption of the complaint identifies the following eleven defendants: (1) OCCC; (2) Wellpath; (3) the Massachusetts Department of Corrections ("DOC"); (4) Stephen A.

Kennedy; (5) Matthew O'Neil; (6) Dennis W. Butler; (7) Russell W. Monroe; (8) Alexander J. Adorno; (9) John F. Schofield; (10) Kevin A. Riquinha; and (11) Kyle D. Brouillette. Docket No. 1. Because the case caption states that the defendants are "sued in Dual Capacities," id., Cromartie seeks to hold the defendants liable in both their individual and official capacities. Cromartie seeks monetary damages and asserts claims pursuant to 42 U.S.C. §§ 1983, 1997; Mass. Gen. L. c. 124, §§ 1(b), 1(c), 1(q); Mass. Gen. L. c. 127, § 33 and 103 C.M.R. § 505.

The five-page, handwritten complaint describes a June 24, 2020 incident in which Cromartie alleges that while restrained in his cell, he was subjected to the use of excessive force by correctional officers. Cromartie alleges that he was then forced to walk over 300 yards with restraints that cut his skin and circulation and was subsequently held in unconstitutional conditions for six days. In light of COVID-19, he asked several employees for a mask because he is over 50 years old with asthma. He alleges that his cell was never cleaned or sanitized. Cromartie states that all of these incidents have been grieved.

II.     PRELIMINARY SCREENING

Because Cromartie is a prisoner, he is subject to the provisions of the Prison Litigation Reform Act ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996). The PLRA enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915A (screening of suits against governmental officers and entities). Under Section 1915A, this Court is required to conduct a prompt threshold review of prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity, and to summarily dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. An action fails to state a claim on which relief may

be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(d)(1) imposes the additional pleading requirement that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). "The purpose of a clear and distinct pleading is to give defendants fair notice of the claims and their basis as well as to provide an opportunity for a cogent answer and defense." See Belanger v. BNY Mellon Asset Management, No. 15-cv-10198-ADB, 2015 WL 3407827 (D. Mass. May 27, 2015). A "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

In conducting this review, this Court liberally construes the plaintiff's complaint because he is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

III.   DISCUSSION

Title 42, United States Code § 1983 "furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)). To succeed on a Section 1983 claim, a plaintiff "must show: (1) that the complained-of conduct was committed under the color of state law, and (2) that such conduct violated his constitutional or federal statutory rights." Miller v. Town of Wenham, 833 F.3d 46, 51 (1st Cir.

2016) (citing Chongris v. Bd. of Appeals, 811 F.2d 36, 40 (1st Cir. 1987)). "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)); see also Iqbal, 556 U.S. at 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").

Although Cromartie is proceeding pro se and his complaint is understandable, the complaint fails to clearly identify the claims and relief he seeks as to each defendant. The case caption identifies eleven defendants. However, Superintendent Kennedy is the only defendant referenced by name in the body of the complaint. Cromartie has impermissibly lumped together the allegations against the defendants. See Docket No. 1 at ¶ 2 ("officers employed and hired by the Massachusetts Department of Corrections"); id. at ¶ 3 ("correctional officers forcibly"). Cromartie will be permitted to amend his complaint to conform to the basic pleading requirements of Federal Rules of Civil Procedure.

Finally, to the extent the complaint names the OCCC and the DOC as defendants, they are subject to dismissal as parties to this action. Section 1983 does not abrogate the Eleventh Amendment immunity of a state and its agencies from suit in federal court, Quern v. Jordan, 440 U.S. 332, 338–45 (1979), and it is well-settled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't. of State Police, 491 U.S.

4

58, 71 (1989).  Prisons and departments thereof generally are not deemed to be "persons" for purposes of Section 1983.  See, e.g., Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that county jails are not legal entities amenable to suit); Hale v. Arizona, 993 F.2d 1387, 1399 (9th Cir.1993) (the Arizona Department of Corrections is not a "person" under Section 1983); Barnett v. Massachusetts, No.13-10038-DPW, 2013 WL 210616, *3 (D. Mass. Jan. 17, 2013) (holding that a prison is not a suable entity under Section 1983).

IV.     AMENDED COMPLAINT

In light of the above, this action is subject to dismissal unless Cromartie files an amended complaint that sets forth as to each defendant what Cromartie claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant.  If the identity of a defendant is not known to the plaintiff prior to the filing of the amended complaint, he may use a fictitious name such as "John Doe."  If, through discovery, the plaintiff discovers the true name of the "Doe" defendant, the plaintiff "should act promptly to amend the complaint to substitute the correct parties."  Martínez-Rivera v. Ramos, 498 F.3d 3, 8 n.5 (1st Cir. 2007).

Because an amended complaint completely supersedes an original complaint, Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), plaintiff should repeat in the amended complaint anything from the original complaint that he wishes to be part of the operative complaint.

V.      CONCLUSION

This Court finds that the complaint fails to state a claim upon which relief may be granted.  Nevertheless, rather than recommending dismissal of this action, this Court will give Cromartie a second chance.  If he wishes to proceed with this action, within forty-two days of the

date of this order, he must file an amended complaint.  Failure to do so may result in dismissal of the action.

                                                       SO ORDERED.

                                                   /s/ Jennifer C. Boal  
                                                   JENNIFER C. BOAL  
                                                   United States Magistrate Judge